## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Petitioner,<br><br>v.<br><br>ERIK BECERRA,<br><br>            Respondent. | Case No. 21-CV-00059 (PAM/JFD)<br><br>**ORDER** |

Andrew Tweeten, United States Attorney's Office, Minneapolis, MN, for Petitioner United States of America.

Douglas Olson, Manvir K. Atwal, and Katherian D. Roe, Office of the Federal Defender, Minneapolis, MN, for Respondent Erik Becerra.

This matter is before the Court on Respondent Erik Becerra's request to waive his appointed counsel and proceed *pro se* in proceedings under 18 U.S.C. § 4246 to determine if Mr. Becerra requires hospitalization upon his release from prison because he suffers from a mental disease or defect that could cause him to pose a substantial risk of bodily injury to another person or serious damage to the property of another. (*See* May Hr'g Mins., Dkt. No. 10.) Because this Court finds Mr. Becerra is not competent to waive his appointed counsel and proceed *pro se* in this matter, the Court denies Mr. Becerra's request and appoints the Office of the Federal Defender as Mr. Becerra's counsel.

**I.  BACKGROUND**

This action began when the Government filed a Petition for a hearing on the present mental condition of Respondent Erik Becerra under 18 U.S.C. § 4246. (Dkt. No. 1.) Under

the Insanity Defense Reform Act of 1984, Chapter 313, 18 U.S.C. §§ 4241–4248, when a Bureau of Prisons warden believes that the release of an inmate with a mental disease or defect would "create a substantial risk of bodily injury to another person or serious damage to property of another," the warden may initiate a petition for a civil commitment hearing before the court under 18 U.S.C. § 4246.

In 2020, as Mr. Becerra's release date approached, the Warden at the Federal Medical Center in Rochester initiated proceedings for a § 4246 hearing to determine if Respondent should remain in the Attorney General's custody. (Gov't's Ex. D, Dkt. No. 1-3.) During Respondent's resulting May 19, 2021 hearing pursuant to § 4246 before the district court, Mr. Becerra asked to waive his appointed counsel and proceed *pro se*. (*See* May Hr'g Mins., Dkt. No. 10.) After briefing from the parties, this Court conducted a hearing on Respondent's request on October 7, 2021. (*See* October Hr'g Mins., Dkt. No. 21.) The Court took the parties' positions under advisement and now issues this Order.

## II.    LEGAL STANDARD

Section 4246 governs proceedings to indefinitely hospitalize a person due for release who poses a danger to the public because of mental illness. *United States v. S.A.*, 129 F.3d 995, 998 (8th Cir. 1997). Under 18 U.S.C. § 4247, which describes the procedure to be used in all hearings under 18 U.S.C. §§ 4241–4248, "the person whose mental condition is the subject of the hearing shall be represented by counsel." 18 U.S.C. § 4247(d).

### A. The Permissibility of Waiving Counsel Under § 4246

Before deciding whether Mr. Becerra is competent to waive counsel, the Court must decide whether *anyone* can waive counsel in a § 4246 proceeding, given that the statute directs that respondents in these proceedings "shall" be represented by counsel. If counsel is mandatory, then the Court need not consider whether Mr. Becerra is competent to waive, as he cannot waive, competent or not.

Chapter 313 does not answer this question, nor is there caselaw precisely on point. on this precise question. However, the Eighth Circuit and other circuits have opined on other sections of Chapter 313, including § 4245 (temporary hospitalization of an imprisoned person) and § 4241 (determining if a criminal defendant is competent to stand trial). Because the liberty interest at stake under § 4246 is indefinite post-sentence hospitalization—which falls somewhere between the liberty interests of § 4245's hospitalization during confinement and § 4241's pre-conviction trial competency—the Court will use the analytic framework from the cases analyzing these sections in deciding the question of whether § 4246's language requires counsel, even as to respondents who wish to waive counsel and proceed *pro se*.

In *United States v. Veltman*, 9 F.3d 718 (8th Cir. 1993), the Eighth Circuit considered the right to waive counsel under § 4245 in a case deciding whether a defendant should be temporarily hospitalized during his imprisonment. The Eighth Circuit held that the defendant's waiver of appointed counsel was valid where defendant's counsel believed the defendant was able to understand the issues involved in the proceeding; remained in a standby-counsel role available for off-the-record conversations with the defendant; and

3

where the defendant's performance at the hearing was "not so inadequate as to demonstrate his inability to knowingly waive counsel." *Id.* at 721–22. However, *Veltman* is not directly on point, as it dealt with the validity of a waiver, not competency to waive.

In *United States v. Ross*, 703 F.3d 856 (6th Cir. 2012) and *United States v. Kowalczyk*, 805 F.3d 847 (9th Cir. 2015), two other circuits have considered the right to waive counsel under § 4241 in cases deciding whether criminal defendants were competent to stand trial. The Sixth Circuit held that "the Constitution requires a defendant to be represented by counsel at his own competency hearing, even if he has previously made a knowing and voluntary waiver of counsel." *Ross*, 703 F.3d at 871. The Ninth Circuit agreed, stating, "a defendant whose competence to stand trial is in question cannot legally waive his or her right to counsel." *Kowalczyk*, 805 F.3d at 857 (citations omitted). The Court finds the analysis of *Ross* and *Kowalczyk* more pertinent than *Veltman* to the issue of Mr. Becerra's attempted waiver, even though they are out of circuit cases. However, because this Court sits in the Eighth Circuit, it will follow the Eighth Circuit in *Veltman* and hold that a respondent may waive his statutory entitlement to appointed counsel in a proceeding under 18 U.S.C. § 4246. We now turn to Mr. Becerra's request to waive counsel and proceed *pro se* in his own § 4246 proceedings.

### B. Assessing Competency to Waive Under § 4246

A hearing under § 4246 is more akin to a trial (*see* § 4247) than a decision to hospitalize an already incarcerated defendant (*see* § 4241). In a § 4246 proceeding, a petitioner is given "an opportunity to testify, to present evidence, to subpoena witnesses on

his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d).

To be competent to stand trial, a person must show that they "understand the nature and consequences of the proceedings against" them and can "assist properly in [their] defense." 18 U.S.C. § 4241. This also provides a guide to determining competency to waive counsel under § 4246. *See Indiana v. Edwards*, 554 U.S. 164, 177–78 (2008) (finding that when a criminal defendant suffering from mental illness wishes to waive counsel, "the Constitution permits judges to take realistic account of the particular defendant's mental capacities" by determining competency to do "the basic tasks needed to present his own defense without the help of counsel[,]" such as appreciating the case against him or her, organizing a defense, making motions, questioning witnesses, arguing legal points, and addressing the court). *Id.* at 175–76 (citing *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984)).

### III. ANALYSIS

The evidence is mixed as to whether Mr. Becerra understands the nature and consequences of the proceeding against him. At the May hearing in this action, there were some indications that Mr. Becerra understood the nature of these § 4246 proceedings to assess his competency to be released, but other indications that he did not. In the May hearing, Mr. Becerra seemed to believe the proceedings were an opportunity to relitigate the underlying criminal case, which, of course, they were not. *See, e.g.,* May Hr'g Trans., Dkt. No. 13, at 15–16 ("What about I've broken no laws? What about bail?"); *see also Veltman*, 9 F.3d 718 at 721–22 (holding a defendant must be able to understand the issues

involved in the proceeding and perform during hearings accordingly). In the October hearing, by contrast, Mr. Becerra knew that he was in a § 4246 proceeding, and that the proceeding could lead to him continuing to be deprived of his liberty. At best, this factor weighs neither for nor against granting Respondent's request to waive counsel and proceed *pro se*.

However, Mr. Becerra is manifestly not able to do the basic tasks needed to present his defense unassisted by counsel, and this alone is dispositive of his request to waive counsel and represent himself. Whether Mr. Becerra understands the nature and consequences of the proceeding or not, the Court cannot find Mr. Becerra competent to waive counsel and proceed *pro se*.

Mr. Becerra demonstrated severe delusional thinking at both the May and October hearings. At the evidentiary hearing held on May 19, 2021, Mr. Becerra asserted his innocence regarding his current conviction because "[t]he gun they took [him] to trial on is actually a Navy SEAL gun that the Navy SEAL presented to [him]." (May Hr'g Trans. at 15.) At the hearing held on October 7, 2021, Mr. Becerra restated his wrongful conviction argument that he was carrying a legal service weapon, not an unlawful firearm. He also stated he is a judge in Minnesota and California, a military judge, the Secretary of Defense, and presidential number 4919940105—which means that his acts are protected by the Presidential Statement Act. Mr. Becerra further contended that he executed Osama Bin Laden by decapitation, that before the execution Bin Laden confessed to Mr. Becerra his role in the September 11 attacks, and that Mr. Becerra brought Bin Laden's head back to Minnesota. He claimed to have invented jet turbine engines, ammunition, the

antipsychotic medication Seroquel, and the pain relief medicine Gabapentin. Mr. Becerra also stated that he is not mentally ill, has no psychotic behaviors, has never been prescribed any antipsychotic medications, and takes Seroquel solely to help him sleep. The Court finds that these consistent, delusional thought patterns make it unlikely that Mr. Becerra will be able to perform the basic tasks of self-representation or even make appropriate use of standby counsel. *See Veltman*, 9 F.3d 718 at 721–22.

Because Mr. Becerra's competence is fundamentally in question in these § 4246 proceedings, and because his lack of competence was made clear by his conduct at the May 19 and October 7 hearings, the Court finds that Respondent is not competent to waive counsel and proceed *pro se*. Therefore, pursuant to 18 U.S.C. § 4247(d), the Court appoints the Office of the Federal Defender as Mr. Becerra's counsel for these § 4246 proceedings.

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Respondent Erik Becerra's request to waive counsel and proceed *pro se* is **DENIED**, and the Office of the Federal Defender is appointed as Respondent's counsel.

Dated: October 15, 2021　　　　　　　*s/ John F. Docherty*
　　　　　　　　　　　　　　　　　　JOHN F. DOCHERTY
　　　　　　　　　　　　　　　　　　United States Magistrate Judge